CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2020 SEP 10 P 3: 05

RECEIVED/DB

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re:

    SAMUEL FESTINGER,

                          Debtor.

-------------------------------------------------------------X

    CHARNIE ROSENBAUM,

                          Plaintiff,

        -against-

    SAMUEL FESTINGER,

                          Defendant.

-------------------------------------------------------------X

Case No. 1-20-43271-nhl

Adv. Pro. No.

2020 SEP -9 P 3: 52
RECEIVED/DB
CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

**NOTICE OF REMOVAL**

### I.    NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 155, 157, 1334 and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, Debtor, SAMUEL FESTINGER, hereby removes all claims and causes of action asserted in the above-captioned action entitled, CHARNIE ROSENBAUM V. SAMUEL FESTINGER, a/k/a ROGER HESS, a/k/a ALLAN GOLD, a/k/a JACOB FESTINGER, a/k/a WILLIAM GOODMAN, a/k/a ANDY LIPTON,  INDEX No: 50373/13, from the Supreme Court of the State of New York, County of Kings, where it is currently pending, to the United States District Court for the Eastern District of New York.

1.    This removal is filed within 90 days of the filing of this bankruptcy case. Removing parties remove these cases pursuant to 28 U.S.C. § 1452(a) and Fed R. Bankr. P. 9027 and L.R. 9027-1 on the grounds set forth below.

2.    The United States District Court for the Eastern District of New York and the Bankruptcy Court for the Eastern District of New York by reference have jurisdiction over the cases pursuant to 28 U.S.C. §§ 1334 and 157. The removed

cases may be core, and some claims may be non-core. To the extent that any claims are non-core, under 28 U.S.C. § 157, moving party consents to the entry of final orders and judgment by the Bankruptcy Court.

3.    The cases do not involve the enforcement of state police powers within the meaning of 28 U.S.C. § 1452.

4.    The cases involve issues and claims which are related to the bankruptcy of SAMUEL FESTINGER case number $1-20-43271-whl$

5.    Removal of the State Court Suits is appropriate pursuant to 28 U.S.C. § 1452(a), Fed R. Bankr. P. 9027 and Local Bankruptcy Rule 9027.

## II.    STATE COURT PLEADINGS

1.    The file in the State Court Cases is voluminous and attached hereto is the dockets for the cases. Pleadings can be supplied and filed in paper or digital form as directed by the Bankruptcy Court.

2.    Defendant reserves the right to amend or supplement this Notice of Removal as may be appropriate.

3.    Defendant reserves all defenses in this action.

4.    Pursuant to the provisions of 28 U.S.C. § 1446, a true and correct copy of the Notice of Filing of Notice of Removal to the Supreme Court of the State of New York, County of Kings is attached hereto as Exhibit 1.

5.    Written notice of the filing of this Notice of Removal will be given to the Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Allegany as provided by 28 U.S.C. § 1446(d).

6.    Certificate of Service is attached hereto as Exhibit 2.

### III.    TERMINATION OF STATE COURT PROCEEDINGS

1.  Removals of these actions terminate all proceedings in the State Court Cases, See 28 U.S.C. § 1446(d).

2.  Wherefore, this matter is removed to the U.S. Bankruptcy Court for the District of Eastern District of New York

Dated: September 8, 2020
     Brooklyn, New York,

_____
SAMUEL FESTINGER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------X
CHARNIE ROSENBAUM,

                Plaintiff,         **AFFIDAVIT IN OPPOSITION**

      -against-

                                **Index No.: 50373/13**

SAMUEL FESTINGER,

                Defendant.
---------------------------------------X

    SAMUEL FESTINGER, being duly sworn, deposes and says:

    1.    I am the Defendant in the within Divorce action and as such, I am fully familiar with the facts and circumstances of the within action.  I make this Affidavit in Opposition to the Plaintiff's Order to Show Cause for Contempt.

    2.    We had months of trial in this action.  The Plaintiff failed to advise the Court of her true financial circumstances that she is the owner of a business that buys and sells properties in New Jersey.  In fact, it is my understanding that the Plaintiff recently purchased a mall with her partners in Chicago.  The Plaintiff traveled there on December 10 and 11, 2019.  The Plaintiff has not disclosed this to the Court.  In fact, in the Plaintiff's
Order to Show Cause Exhibit G she has used a Net Worth Statement from January 3, 2019 which does not include any of her business ventures nor all of her bank accounts.

    3.    The Plaintiff alleges that she is in 'significant debt'. The Plaintiff has not proven at all trial that she was in significant debt.  Other than her attorney's fee bills, there is

nothing in the Plaintiff's Order to Show Cause that shows that she has any debts.

4.    We had a trial over many months on custody and finances. The Pendente Lite Order is subject to review based upon the financial documentation provided at trial.  The Court must review whether the Plaintiff's claims were truthful and whether or not the award of child support and spousal support was fair.  The fact that the Plaintiff filed this Contempt Motion without the decision of the Court is premature and should be dismissed by the Court.

5.    In addition, as the Court is well aware, the Plaintiff had filed a Petition for Enforcement of the Pendente Lite Order in Family Court.  I filed a Motion to Dismiss.  My Motion to Dismiss was granted.  The Plaintiff filed the within Contempt Motion prior to the Dismissal.  The Plaintiff then filed Objections to the Dismissal of the Petition.  A copy of said Objections are annexed hereto and made a part hereof as Exhibit A.

The Plaintiff is attempting to litigate the same issue in both Courts.  The Court in this action must dismiss the Plaintiff Order to Show Cause for Contempt because she is attempting to burn the candles at both ends.  We do not know what the Family Court will rule on the issue of the Objections.

6.    The Plaintiff alleges that she paid all of our daughter's tuition and camp.   As the Court is aware, the Plaintiff unilaterally selected our daughter's high school.  The Plaintiff unilaterally selected our daughter's camp. The Plaintiff testified at the trial that she has done nothing to encourage the

relationship between my daughter and I.  I do not have the funds to pay for the expensive school and camp the Plaintiff decided on for our daughter.  In addition, the Plaintiff has in no way proven that she has paid $26,366.00 in her Contempt Motion for our daughter's camp and tuition.

7.    The Court should be aware that there is an ACS investigation going on into the Plaintiff's actions.  The Plaintiff went away with our daughter for the school recess in January, 2020.  The Plaintiff told our son he could not stay in the house.  The neighbor, who was directed by the Plaintiff, forcibly removed our son from the Plaintiff's home on the Sunday, January 26, 2020.  Our son went to stay at my daughter's house ▌▌▌▌▌▌.  The ACS case number is 6713933 and  the case worker is Anita Ames.  The Plaintiff left our son without provisions and a place to sleep.

I do not know the status of the investigation.

8.    The Plaintiff does not dispute in her Affirmation that I have paid for the camp and tuition for ▌▌▌▌.  The Court should be aware that ▌▌▌ has breakfast, lunch and dinner at his ▌▌▌▌ for which I pay.  A copy of the bills are annexed hereto and made a part hereof for what I have paid for Dovid for the past 2 years as Exhibit B.

9.    The Court should not forget that the Plaintiff reported me in 2018 to the United States Attorney's office.  A copy of the subpoenas that I had received are annexed hereto and made a part hereof as Exhibit C.  I have been under investigation because of the Plaintiff since November, 2018.  I had to hire a Criminal

not returned items pursuant to the Court's prior Order.  This is a blatant lie.  Exhibit F of the Plaintiff's Order to Show Cause is her Fantasy List which was never in an agreed upon list.  In fact, the Plaintiff never testified to any of this at the time of trial and is now attempting to make up facts which were not litigated at the time of trial.  The Plaintiff has air conditioner condensers at the home.  A copy of a picture of the 4 condensers are annexed hereto and made a part hereof as Exhibit E.  The poverty stricken Plaintiff had an approximately $6,000.00 fence placed around the property.  A copy of said picture is annexed hereto and made a part hereof as Exhibit F.  The Plaintiff admitted at the time of trial that she had the fence placed around the property and she admitted that the cost was approximately $6,000.00..

13.    The Plaintiff is requesting that the Court hold me in contempt for Counsel fees due her attorney.  The Court already granted the Plaintiff's attorney money judgments for the counsel fees that the Court awarded her attorney.  I do not have the funds to pay.  The Plaintiff's attorney is receiving 9 percent interest. The Plaintiff's attorney never attempted to execute the money judgments. The Plaintiff's attorney already received his remedy requesting a Money Judgment which was granted by the Court.

14.    I do not know how the Plaintiff incurred almost a Half Million Dollars in Counsel fees.

15.    I attempted to get the bills for the transcripts.  I had my attorney send an email to the Court because I had not received telephone calls back from all of the court reporters.  I had

received bills for 8 of the transcripts and I was awaiting for bills for 7 more transcripts.   My attorney requested a conference call with the Court and opposing counsel and the email which was ignored by the Plaintiff's counsel.

16.   I am requesting that the Court dismiss the Plaintiff's Contempt Motion for all of the foregoing reasons.   The Plaintiff once again attempts to manipulate the Court system by filing in 2 different Courts, provides false facts and misstatement of facts fo advance her goals.   The Plaintiff is under investigation with ACS because she threw our son out of the home when she was vacationing in Florida and left him no provisions.   Our son has not gone to school on a regular basis due to the Plaintiff's actions.   The Plaintiff, in my option, has no use for our son because he continues to have a relationship with me which really irks the Plaintiff.

17.   No prior request for the relief sought herein has been made to this Court or any other Court of competent jurisdiction.

Dated: February 4, 2020
       Brooklyn, New York

SAMUEL FESTINGER

Sworn to before me on the
4th day of February, 2020

Notary Public

JOHN A MASTROSIMONE
Notary Public, State of New York
No. 01MA6220696
Qualified in Suffolk County
Commission Expires April 19, 2022

 

30% PCW   100% Recycled

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF KING ,
-----------------------------------------------------------X

CHARNIE ROSENBAUM

        Plaintiff *( Pro se)*

   -against-

SAMUEL FESTINGER
        Respondent
-----------------------------------------------------------X

File No. 260831
DOCKET NO :F-26652-17/19C
CSMS#: PA61624Y1

**OBJECTION TO ORDER ON MOTION**
**Part 29- Room 5028**

STATE OF NEW YORK

COUNTY OF KINGS-  Charnie Rosenbaum, residing at 1150 East 4th Street, Brooklyn, NY 11230,

Being duly affirmed, deposes and says:

- I am the Plaintiff in the action/proceeding. I make this "objection to the order on the motion" issued by the court on January 7, 2020, **(Exhibit A)** to grant Ms Condello's request for me to pay her client's counsel fees.
- I believe if the court had ALL PERTINENT information- with updates of what occurred **after** I filed my motion in September- The court would have DEFINITELY NOT ordered me to pay Festinger's counsel fees.
- PLEASE NOTE  #7 through #10 OF THIS OBJECTION- **IT CONTAINS ALL THE UPDATED INFORMATION THAT** will allow the court the ability to see that not only should I not be ordered to pay the Respondent's legal fees- Festinger should be ordered to pay ME restitution for all the aggravation he continues to cause me and the children.

1. On November 22, 2016 My Attorney filed a notice of motion to punish Festinger for not paying child support, **(Exhibit B)** in accordance with  the court order issued by Judge Rachel Adams -April 14, 2014.

2. Judge Adams responded by issuing a Money Judgment dated June 7, 2017. **(Exhibit C)** It is unfortunate that the ONLY consequence he was given was a money judgment- which as usual- he totally IGNORED.

3. In September 2019, due to the ███████ not allowing my son ██████ start school AND due to Festinger's continued refusal to pay child support- the judge gave us permission to file an order to show cause motion. **(Exhibit D)**

4. However, due to the HUGE amount of money I owe my attorney he wasn't very keen on spending more time on my case. In addition, **we had both seen in the past,  the ONLY ACTION judge had taken with our November 2016 request for contempt was to issue a meaningless piece of paper- a money judgment.** I asked my attorney how I could help have the child support orders ACTUALLY  enforced and he agreed that the Child Support Enforcement unit – in Family Court, would be effective in making this happen.

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF KING 
------------------------------------------------------------X

CHARNIE ROSENBAUM

                        Plaintiff *( Pro se)*

             -against-

SAMUEL FESTINGER

                    Respondent
------------------------------------------------------------X

                            File No. 260831
                            DOCKET NO :F-26652-17/19C
                            CSMS#: PA61624Y1

               **OBJECTION TO ORDER ON MOTION**
                    **Part 29- Room 5028**

STATE OF NEW YORK

COUNTY OF KINGS-    Charnie Rosenbaum, residing at 1150 East 4th Street, Brooklyn, NY 11230,

Being duly affirmed, deposes and says:

- I am the Plaintiff in the action/proceeding. I make this "objection to the order on the motion" issued by the court on January 7, 2020, **(Exhibit A)** to grant Ms Condello's request for me to pay her client's counsel fees.
- I believe if the court had ALL PERTINENT information- with updates of what occurred **after** I filed my motion in September- The court would have DEFINITELY NOT ordered me to pay Festinger's counsel fees.
- PLEASE NOTE #7 through #10 OF THIS OBJECTION- **IT CONTAINS ALL THE UPDATED INFORMATION THAT** will allow the court the ability to see that not only should I not be ordered to pay the Respondent's legal fees- Festinger should be ordered to pay ME restitution for all the aggravation he continues to cause me and the children.

1. On November 22, 2016 My Attorney filed a notice of motion to punish Festinger for not paying child support, **(Exhibit B)** in accordance with the court order issued by Judge Rachel Adams -April 14, 2014.

2. Judge Adams responded by issuing a Money Judgment dated June 7, 2017. **(Exhibit C)** It is unfortunate that the <u>ONLY</u> consequence he was given was a money judgment- which as usual- he totally IGNORED.

3. In September 2019, due to the ████ not allowing my son ████ start school AND due to Festinger's continued refusal to pay child support- the judge gave us permission to file an order to show cause motion. **(Exhibit D)**

4. However, due to the HUGE amount of money I owe my attorney he wasn't very keen on spending more time on my case. In addition, **we had both seen in the past, the ONLY ACTION judge had taken with our November 2016 request for contempt was to issue a meaningless piece of paper- a money judgment.** I asked my attorney how I could help have the child support orders ACTUALLY enforced and he agreed that the Child Support Enforcement unit – in Family Court, would be effective in making this happen.

5. That is precisely why, on September 17, 2019 I filed a petition with family court BESEECHING your honor to help me- enforce the child support order. (Exhibit E). I was not forum shopping. I was desperate and advised that family court could help me.

6. In response to Festinger's request for dismissal of my petition, I filed an "Opposition to Notice of Motion" on October 10, 2019. (Exhibit F)

## NEW IMPORTANT UPDATED INFORMATION

7. On December 4, 2019- Judge Adams issued an order **(Exhibit G)** reiterating Festinger's failure to pay child support and his failure to order and pay for all the trial transcripts. The last sentence of this order **FORCED** my attorney to file a contempt motion.

8. On  December 31, 2019, my attorney who had no choice but to do so,  filed an order to show cause **( Exhibit H)** requesting Judge Adams to finally hold  Festinger in contempt for failure to pay child support for over 4 years. The return date for that motion is February 19, 2020.

9. On January 3, 2020, an additional order was issued by Judge Adams  **(Exhibit I)** dismissing some of Festinger's motions due to his non-compliance with court orders in regard to transcripts.

10. Despite Festinger being PERSONALLY SERVED ON JANUARY 9, 2020-(Exhibit J) THIS NEW CONTEMPT MOTION , Festinger has yet to pay child support. As usual, he ignores every court order that is issued.

Your Honor, I was NOT forum shopping when I filed this petition in September of 2019. I was/am simply a desperate financially  struggling single mom who has been in court since January 2013- a FUL L 7 years, who watched  Festinger  ignore all the courts orders and am looking for justice. I am glad that Judge Adams forced my attorney to file a contempt order. I CERTAINLY hope that this time around, Festinger will receive more than an easily ignored money judgment.

I sincerely apologize for inadvertently wasting Your Honor's time with this petition. Had I known Judge Adams would make my attorney file for contempt, I CERTAINLY would not have spent time and energy filing this petition.

I BEG THE COURT **NOT TO AWARD** MR. FESTINGER FOR NOT PAYING CHILD **SUPPORT FOR OVR FOUR YEARS**- BY ORDERING ME TO PAY HIS LEGAL FEES.

THEREFORE,  I respectfully request that the order for me to pay Festinger's legal fees be dismissed.

Sworn to before me on

23 day of _January_, 2020 ~~2019~~

_____
Notary Public

_____
(sign your name before notary public)

Channie Rosenbaum
(Print your name)

SVETLANA ROTH
Notary Public, State of New York
No. 01RO6222656
Qualified in Kings County
Commission Expires 5/24/20 2022

# EXHIBIT



GF15 8/2010

At a term of the Family Court of the
State of New York, held in and for
the County of Kings, at 330 Jay
Street, Brooklyn, NY 11201, on
January 7, 2020

**PRESENT:**    Jennifer L. Castaldi, Support Magistrate

In the Matter of a **Support** Proceeding

Charnie Rosenbaum, SSN: XXX-XX-4735,

Petitioner,

- against -

Samuel Festinger, SSN: XXX-XX-3965,

Respondent.

File #:        260831
Docket #:    F-26652-17/19C

CSMS #:    PA61624Y1

**ORDER ON MOTION**

A motion having been filed with this Court on October 7, 2019, requesting an order on a(n) Motion to dismiss the Petitioner, Charnie Rosenbaum's Violation of Support Order filed on September 17, 2019, and

that the Court entered an order against the Petitioner, Charnie Rosenbaum, to pay counsel fees to the Respondent, Samuel Festingter, $3,500 and a Support Magistrate of this Court upon examining the motion papers and supporting affidavit(s) and hearing testimony in relation thereto and the following having appeared: Charnie Rosenbaum; Samuel Festinger and Mary Grace Elizabeth Condello, finds excusable default and meritorious defense, and it is therefore

ORDERED that the motion of Mary Grace Elizabeth Condello is granted in the following respect(s): supplemental petition "C" is dismissed without prejudice.

SPECIFIC WRITTEN OBJECTIONS TO THIS ORDER MAY BE FILED WITH THIS COURT WITHIN 30 DAYS OF THE DATE THE ORDER WAS RECEIVED IN COURT OR BY PERSONAL SERVICE, OR IF THE ORDER WAS RECEIVED BY MAIL, WITHIN 35 DAYS OF THE MAILING OF THE ORDER.

Dated: January 7, 2020                                ENTER

_____

Jennifer L. Castaldi, Support Magistrate

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]:_____
☐ Order received in court on [specify date(s) and to whom given]:_____

F.C.A.§§ 413, 416, 439(e)                                                    4-SM-3 8/2010

**FAMILY COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
_____

In the Matter of a Support Proceeding                    File #:      260831
                                                         Docket #:   F-26652-17/19C
**Charnie Rosenbaum,**
                                      Petitioner,        CSMS #:     PA61624Y1
        - against - ·

                                                         **FINDINGS OF FACT**
**Samuel Festinger,**
                                      Respondent.
_____

        Jennifer L. Castaldi, being the Support Magistrate before whom the issues of support in the above-entitled proceeding were assigned for determination, makes the following findings of fact:

        Charnie Rosenbaum filed a petition on September 17, 2019 seeking Enforcement of An Order of Another Court for the following children:

| Name | Date of Birth |
|------|---------------|
| D███ F█████ | ████████ |
| E███ G F██████ | |

Petitioner-mother appears pro se
Respondent-father appear with attorney Condello

Respondent-father through his attorney filed Motion #1 on 10/7/2019 seeking to dismiss supplemental petition "C"; Petitioner-mother pro se filed Opposition to Notice of Motion on 10/10/2019; Respondent-father through his attorney filed Affidavit in Reply on 11/15/2019.

Upon review of the foregoing, Motion #1 is GRANTED as follows:

.This court has confirmed with chambers of the Honorable Rachel A. Adams, Kings County Supreme Court, a matrimonial action was filed and currently pending pursuant to Index .No. 50373/2013, temporary orders have issued, a trial commenced and concluded, summations received and all issues related to support are sub judice.

Furthermore, Exhibit "A" and "B" attached to Respondent-father's Affidavit in Reply, a letter dated 9/4/2019 from Elliot Rosner, Esq., (Petitioner-mother's attorney of record in the matrimonial action) to the Honorable Rachel A. Adams regarding permission to file an Order to Show Cause for contempt of court/violation of pendente lite orders and a memo issued thereafter from Chambers of Hon. Judge Rachel A. Adams, J.S.C. to Elliot Rosner, Esq dated 9/6/2019 states in pertinent part:

        "The Court has reviewed the correspondence from plaintiff's counsel dated September 4,
        2019. Under the circumstances, counsel is permitted to file an order to show cause."

This instant supplemental petition was filed in Kings County Family Court on 9/17/2019,

approximately 10 days AFTER the Supreme Court granted permission to file said violation proceedings by Order to Show Cause there.
This instant supplemental petition filed in Family Court is tantamount to forum shopping by Petitioner-mother.

Finally, this court notes - again upon confirmation with the chambers of the Honorable Rachel A. Adams - that Petitioner-mother did file an Order to Show Cause for contempt/violation in Kings County Supreme Court on 12/31/2019.

Based upon all of the foregoing, Motion #1 is granted in its entirety and supplemental petition "C" is dismissed without prejudice.

Notify parties and counsel.

Dated: January 7, 2020

Jennifer L. Castaldi, Support Magistrate

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------------X

CHARNIE ROSENBAUM,

                          Plaintiff,

              -against-

SAMUEL FESTINGER, a/k/a ROGER HESS, a/k/a
ALLAN GOLD, a/k/a JACOB FESTINGER, a/k/a
WILLIAM GOODMAN,
a/k/a ANDY LIPTON,

                      Defendant.

-------------------------------------------------------------------------X

**Index No. 50373/2013**

**NOTICE OF REMOVAL
TO FEDERAL COURT
UNDER   28 U.S.C. § 1452**

    **To:**   Clerk of the Court and Parties herein

    **PLEASE TAKE NOTICE** that a **Notice of Removal** of the above entitled action from

the   Kings County Supreme Court of The State of New York, to the United States

BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK  was duly filed on the 9th

day of September, 2020 by SAMUEL FESTINGER pursuant to 28 U.S.C. §1452 and Rule

9027 of the Federal Rules of Bankruptcy Procedure. A true and correct copy of such Notice

of Removal is attached hereto as **Exhibit A.**

    **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. §1452 and Rule

9027 of the Federal Rules of Bankruptcy Procedure, no further action can be taken in the

above captioned proceeding.

Respectfully submitted this 9th day of September 2020

                                                              SAMUEL FESTINGER

TO:
Snitow Kanfer Holtzer & Millus LLP
575 Lexington Avenue
New York, NY 10022-6102